# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:07cr18-RH/WCS

BETTYE ATKINS-MILTON,

    Defendant.

_____/

## ORDER GIVING NOTICE OF POSSIBLE REDUCTION
## OF SENTENCE UNDER AMENDMENTS 706 AND 715

The defendant Bettye Atkins-Milton filed two motions for a sentence reduction under Sentencing Guidelines Amendment 706, which lowered the guideline range for most crack-cocaine offenses. The government responded in opposition, noting that Amendment 706 did not change Ms. Atkins-Milton's guideline range and thus did not authorize a reduction. But Amendment 715 *did* change Ms. Atkins-Milton's range. This order gives the government an opportunity to respond further with respect to a possible reduction of Ms. Atkins-Milton's sentence.

I

The Sentencing Guidelines establish a guideline range for each defendant.

The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual § 2D1.1 (2007) (hereafter cited as "*Guidelines Manual*").

Amendment 706 reduces the crack cocaine base offense level and provides a mechanism for calculating the base offense level in cases involving both crack and another drug. Amendment 715 further refines the calculations. In most circumstances, the amount of the reduction is two levels.

Amendment 706 became effective on November 1, 2007. Amendment 715 became effective on May 1, 2008.

II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances courts will be allowed to apply the amendment retroactively to sentences imposed prior to the amendment's effective date. The statute provides:

> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount

the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission. The court may act on its own motion or on motion of a defendant or the Bureau of Prisons. The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Commission," within the meaning of § 3582(c)(2), are set forth in *Guidelines Manual* § 1B1.10. Acting under its § 994(u) authority, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendments 706 and 715 in the list of retroactive amendments. But the Commission imposed explicit limitations. First, a court must not make a reduction unless Amendments 706 or 715 change the defendant's guideline range. *See Guidelines Manual* § 1B1.10(a)(1). Second, the Commission

limited the extent of any reduction.  For a sentence within the original guideline range, a reduced sentence must not be below the low-end of the *amended* guideline range.  *See Guidelines Manual* § 1B1.10(b)(2)(A).  For a sentence that was below the original guideline range, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate."  *Guidelines Manual* § 1B1.10(b)(2)(B).  Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, nor less than the time the defendant has already served.

### III

Ms. Atkins-Milton was sentenced on August 23, 2007.  Under *Guidelines Manual* § 2D1.1 the base offense level for the type and quantity of drugs for which Ms. Atkins-Milton was responsible was 32.  After adjustment for acceptance of responsibility and for qualifying under the statutory safety valve, Ms. Atkins-Milton's total offense level was 27, her criminal history category was I, and her guideline range was 70 to 87 months.  There was no minimum mandatory because Ms. Atkins-Milton met the criteria of the statutory "safety valve."  *See* 18 U.S.C. § 3553(f).

Based on all of the factors set forth in 18 U.S.C. § 3553(a), I sentenced Ms. Atkins-Milton to 48 months.  This below-guideline sentence was permissible under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005),

which held the guidelines advisory, not mandatory.

Under Amendments 706 and 715, the base offense level is 30.  Ms. Atkins-Milton's revised total offense level is 25, her criminal history category remains I, and her guideline range is 57 to 71 months.  A reduced sentence of 39 months would bear the same relation to the amended guideline range as the existing sentence bears to the original guideline range.

V

Any reduction is discretionary.  In deciding whether and how much to reduce a defendant's sentence (within the limitations set forth above), a court may consider the sentencing factors listed in 18 U.S.C. § 3553(a), the nature and seriousness of the danger that a reduction would pose to any person or the community, and the defendant's post-sentencing conduct.  *See Guidelines Manual* § 1B1.10, cmt. n. 1(B).  Based on these factors and the existing record in this case, including the presentence report, I intend to reduce Ms. Atkins-Milton's sentence to 39 months, unless the government or Ms. Atkins-Milton shows that I should not do so.  Accordingly,

IT IS ORDERED:

1. By October 9, 2008, the government may file a supplemental memorandum addressing the possible reduction of Ms. Atkins-Milton's sentence. By the same date, the government may file materials in support of its position.  If

the government asserts that the presentence report ought not be made available to the Federal Public Defender (for his consideration of whether to accept any appointment as counsel for purposes of Amendment 706 proceedings), the government must so indicate in its memorandum.

2. At any time, Ms. Atkins-Milton may—but need not—file a further memorandum setting forth her position on the possible sentence reduction, together with any supporting materials.

3. An order reducing Ms. Atkins-Milton's sentence to 39 months may be entered at any time after October 9, 2008.

4. If, based on the record and the government's memorandum and supporting materials, it appears that this reduction may not in fact be authorized or, as a matter of discretion, might not be entered, I will consider appointing an attorney for Ms. Atkins-Milton, may set a deadline for any further response by Ms. Atkins-Milton, and may establish appropriate additional procedures.

5. The clerk must provide a copy of this order to Ms. Atkins-Milton herself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on August 25, 2008.

s/Robert L. Hinkle
Chief United States District Judge